FILED
Jan 17, 2025
09:53 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jessica Thompson | ) | Docket No. 2023-03-6769 |
| | ) | |
| v. | ) | State File No. 72701-2023 |
| | ) | |
| Weigel's Stores, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

---
### Affirmed and Remanded
---

In this interlocutory appeal, the employee reported suffering a work-related injury when a swinging door struck her left foot. Video evidence and statements of co-workers indicated that the employee sat down and removed her shoe after the alleged incident, then attempted to take a few steps before being assisted out of the store. The employer denied the claim due to purported inconsistencies between the employee's description of the incident and videos from in-store cameras. Later, in its discovery responses, the employer asserted that the incident either did not occur or, if it did occur, it did not arise out of or in the course and scope of the employment. Following an expedited hearing, the trial court ordered the employer to provide the employee a panel of physicians, and the employer appealed. We affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Andrew J. Hebar and Brendan M. Walsh, Knoxville, Tennessee, for the employer-appellant, Weigel's Stores, Inc.

Ameesh A. Kherani, Jacksboro, Tennessee, for the employee-appellee, Jessica Thompson

# Memorandum Opinion[1]

This appeal highlights the legal difference between a work-related accident and a work-related injury. Jessica Thompson ("Employee") began working for Weigel's Stores, Inc. ("Employer"), on or about September 5, 2023, at one of its stores in Knox County. On September 14, 2023, Employee was re-entering the kitchen area of the store when a swinging door struck her left foot. Initially, Employee reported that she believed a manager named Brian had pushed the swinging door into her, causing her to fall. In a written statement, a co-worker reported seeing the swinging door strike Employee's foot, but she indicated that Employee did not fall. Another co-worker reported that she did not see the incident, but that she heard Employee had gotten hurt and came to help. She subsequently carried Employee on her back to Employee's car because Employee was unable to bear weight on her left leg. A third co-worker confirmed the occurrence and reported the incident to a member of management the same day it occurred. There is also an unsigned written statement in the record indicating that Employee had "left store w/o reporting incident."

Employee filed a petition on September 27 indicating that Employer had refused to provide any medical treatment or temporary disability benefits. In her petition, Employee stated that she "continue[s] to be symptomatic and in need of medical treatment." In its discovery responses, Employer indicated it had denied the claim because "Employer is of the opinion that [this] injury did not occur at all, and if any such injury had occurred, it did not occur out of and in the course and scope of employment with the Employer." On October 13, 2023, Employer filed a Notice of Denial, asserting that there were no witnesses to the alleged incident. On October 17, 2023, Employer issued a Separation Notice stating Employee had quit her job as of September 14.

A March 2024 medical report from an urgent care clinic reflects that Employee reported ongoing complaints of left foot pain following a September 14, 2023 injury at work. She had worn a brace since the accident but reported being unable to return to work due to her need for "constant assistance." X-rays revealed no fractures, dislocation, or other injury or infectious disease. The provider, Dr. Derrick Roland, diagnosed Employee with an "injury of cutaneous sensory nerve at ankle and foot level, left leg" and a "foot sprain." Dr. Roland also described her condition as "foot neuritis" and "complex regional pain syndrome."

A dispute certification notice ("DCN") issued in April 2024 listed three defenses to the claim: (1) that the "injury did not occur"; (2) that the injury did not arise out of and in the course and scope of employment; and (3) that any medical treatment and resulting

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

expenses were "not causally related to [the] injury." For her part, Employee asserted in a supplement to the DCN that Employer had denied the claim in bad faith.

In its responses to Employee's requests for admissions, Employer admitted only that Employee had *alleged* work-related injuries but stated that this admission "shall in no way be construed as an admission that the Employee *actually* sustained any injuries whatsoever." (Emphasis in original.) During the expedited hearing, video evidence was presented showing Employee coming through the swinging door on the date in question.[2] Employee testified that, at one point in the video, the swinging door caught her foot, although that event was difficult to clearly see on the video. In a second video, Employee is seen removing her shoe after the incident and attempting to stand and take a few steps. Then she was seen being assisted out of the store by a co-worker. Following the hearing, the trial court concluded Employee had come forward with sufficient evidence of a work-related accident to support an order for the provision of a panel of physicians. Employer has appealed.

As the trial court noted, the law mandates employers in this state to provide "free of charge to the employee, such medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary *by accident* as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A) (emphasis added); *see also* Tenn. Comp. R. & Regs. 0800-02-01-.06(1) (stating that "[f]ollowing receipt of notice of a workplace injury and the employee expressing a need for medical care, an employer *shall* . . . provide the employee a panel of physicians" (emphasis added)).

We addressed a similar factual scenario in *Lewis v. Molly Maid*, No. 2015-06-0456, 2016 TN Wrk. Comp. App. Bd. LEXIS 19 (Tenn. Workers' Comp. App. Bd. Apr. 20, 2016). In *Lewis*, the employee alleged she hurt her back during her training period three days after starting work. *Id.* at *2. The employer denied the claim, alleging that the employee's back condition pre-existed the employment and that the employee's report of an alleged work accident lacked credibility. *Id.* at *7-8. Although the trial court concluded the employee had not come forward with sufficient evidence establishing the compensability of her claim, it determined she had come forward with enough to support an order for a panel of physicians. *Id.* at *3-4.

In *Lewis*, we noted on appeal that the employee had presented evidence from a co-worker corroborating the occurrence of a work-related accident. *Id.* at *8. We then concluded that the medical evidence supported a finding that the employee began experiencing back pain while working for the employer. *Id.* We explained that,

---

[2] The videos replayed at an accelerated speed and showed the scene at an angle that apparently made the videos difficult to interpret.

under the circumstances presented in this case, we agree that [the employee] came forward with sufficient evidence to support a conclusion that she experienced back pain after operating a vacuum cleaner in late October 2014. We also agree that, while this evidence was insufficient to establish the compensability of her claim by a preponderance of the evidence, it was sufficient to support an order compelling [the employer] to provide a panel of physicians.

*Id.* at *8-9.

In sum, an employer's statutory obligation to provide a panel of physicians is triggered by the occurrence of a work-related *accident* and a request for medical treatment, irrespective of whether any *injury* has been identified. After receiving a report of a work-related accident and a request for medical care, an employer is statutorily obligated to provide a panel of physicians unless the employer asserts some affirmative defense that would disqualify the employee from receiving benefits. Employers are entitled to investigate claims and make preliminary determinations as to the compensability of the accident based on that investigation. Tenn. Comp. R. & Regs. 0800-02-14-.04(6). Employers are not, however, in a position to make medical determinations regarding whether an accident has caused an injury. *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1 (Tenn Workers' Comp. App. Bd. Jan. 30, 2018) ("[P]arties and their lawyers cannot rely on their own medical interpretations of the evidence to successfully support their arguments."); *see also McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015) (The employee "has come forward with sufficient evidence entitling her to a panel of physicians . . . [W]hether the alleged work accident resulted in a compensable injury has yet to be determined.").

Here, the trial court did not determine the compensability of Employee's claim at this interlocutory stage of the case. Instead, the court concluded Employee had come forward with sufficient evidence of the occurrence of a work-related accident and a request for medical treatment to support an order for the provision of a panel of physicians. We find no error in that determination. Thus, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jessica Thompson | ) | Docket No.  2023-03-6769 |
| | ) | |
| v. | ) | State File No.  72701-2023 |
| | ) | |
| Weigel's Stores, Inc., et al | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of January, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Andrew J. Hebar<br>Brendan M. Walsh | | | | X | ahebar@wimberlylawson.com<br>bwalsh@wimberlylawson.com |
| Ameesh Kherani<br>Lisa Cutsinger | | | | X | akherani@kheranilaw.com<br>lcutsinger@kheranilaw.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov